UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X  05 CV 1241 (NG) (SMG)

SINGLE SOURCE ROOFING CORP.,

                Plaintiff,

   -against-                                                 **ORDER**

228 GRANITE AVENUE REALTY, LLC,

                Defendant.
------------------------------------------------------------------X

**GERSHON, United States District Judge:**

      In this action, plaintiff seeks to enforce a judgment entered by the Pennsylvania Court of Common Pleas. The facts are fully set forth in this court's order dated November 22, 2005, which imposed a stay on the proceedings pending the outcome of an attack by defendant on the judgment at issue in the Pennsylvania court. By order dated December 1, 2005, the Pennsylvania court affirmed the judgment. Defendant now requests that the stay remain in effect pending the outcome of an appeal of the Pennsylvania court's order, though no appeal has yet been filed. Defendant's request is denied, and the stay is hereby lifted.

      Defendant's motion to set aside the Clerk's entry of default, held in abeyance during the stay, is denied. When deciding whether good cause exists to relieve a party from default pursuant to Federal Rule of Civil Procedure 55(c), courts must consider the willfullness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted. *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). As set forth in the November 22, 2005 order, defendant defaulted in the Pennsylvania action, delayed

1

retaining counsel in this action until the time for answering the complaint had expired (although it had been in contact with counsel earlier), and delayed in challenging the Pennsylvania judgment until Magistrate Judge Gold denied its motion to stay discovery. Defendant's pattern of delay, together with its efforts to evade service of process, also set forth in the November 22, 2005 order, lead me to conclude that defendant's default was willful. Since the Pennsylvania court has rejected defendant's attack on the judgment, defendant has no meritorious defense to this action. Moreover, further delay threatens to prejudice plaintiff. In sum, defendant is unable to show good cause for setting aside the entry of default.

Plaintiff's motion for default judgment as to defendant 228 Granite Avenue Realty, LLC, also held in abeyance during the stay, is granted.

The court's November 22, 2005 order granted plaintiff leave to amend its complaint following the stay to assert claims against additional parties based on piercing the corporate veil. Plaintiff is directed to serve and file an amended complaint by January 23, 2006.

**SO ORDERED.**

/S/
**NINA GERSHON**
**United States District Judge**

Dated:      Brooklyn, New York
            January 3, 2006